# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT GEORIGI, et al., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO. 07-5509 |
| | : | |
| v. | : | |
| | : | |
| RECON AUTOMOTIVE REMANUFACTURERS, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

Jones, J.                                                                                                                      May 7, 2009

Plaintiffs Robert Georigi, Sopheap Pen, Willie Roberson, Thoeun Rueun, and Thomas Drye move this court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to certify the following class:

> All employees of Recon Automotive Remanufacturers ("Recon") who were terminated without cause as part of, or as a result of, plant shutdowns and/or mass layoffs that took place between February 1, 2007, and August 31, 2007, at Recon's plant in southwest Philadelphia, Pennsylvania, and who were not given sixty (60) days prior notice of termination.

For the reasons stated below, the court grants Plaintiffs' motion.

## I.    Procedural History

Plaintiffs Robert Georigi, Sopheap Pen, Willie Roberson, Thoeun Rueun, and Thomas Drye filed their Class Action Complaint against Defendant Recon Automotive Remanufacturers

("Recon") on December 28, 2007.  Plaintiffs claim that Recon violated the Worker Adjustment & Retraining Notification Act ("the WARN Act"), 29 U.S.C. § 2101, et seq., and Philadelphia Code §§ 9-1501 - 9-1504.  Recon failed to respond to the Complaint.  On April 9, 2009, the Clerk of Court entered a default by Recon.  On September 3, 2008, the Honorable William H. Yohn, Jr., who then presided over this matter, ordered Plaintiffs to file a Motion for Default Judgment by September 23, 2008.  Plaintiffs filed a "Motion for Entry of Default Judgment" on September 23, 2008.  Plaintiffs' Motion sought damages on behalf of the class and the individual plaintiffs.  On September 27, 2008, Judge Yohn dismissed as moot Plaintiff's Motion for Entry of Default Judgment and he ordered Plaintiffs to serve the Complaint and a motion seeking class certification upon the Defendant.  On November 14, 2009, the case was reassigned to this court.  On December 12, 2008, Plaintiffs filed their Motion for Class Certification and for Appointment of Class Counsel.  Recon did not respond.

## II.    Background

Plaintiffs were employees of Recon at its engine reconditioning factory in Philadelphia, Pennsylvania ("the Philadelphia Plant").  (Compl. ¶¶ 4-9.)  As of February 1, 2007, Recon employed approximately 150 persons at the Philadelphia Plant.  (Compl. ¶ 11.)  Between February 1, 2007, and August 31, 2007, Recon informed each of these employees, individually and in writing, that he or she was being terminated immediately because of Recon's lack of work. (Compl. ¶¶ 4-9.)  Recon failed to provide Plaintiffs with 60 days of notice, warning, and benefits required by the WARN Act and the Philadelphia Code.

The WARN Act "obligates certain employers to give workers . . . 60 days' notice before a

plant closing or mass layoff.  If an employer fails to give the notice, the employees may sue for backpay for each day of the violation." United Food and Commercial Workers Union Local 751 v. Brown Group, Inc., 517 U.S. 544, 545-546 (1996); 29 U.S.C. §§ 2102 & 2104.  Employers who violate the WARN Act are also liable for benefits under certain employee benefit plans and for the cost of certain medical expenses incurred during the employment loss.  29 U.S.C. § 2104(a)(1).  Similarly, Sections 9-1501 - 9-1504 of the Philadelphia Code, titled "Notification of Intention to Close or Relocate Operations," obligates employers within the City of Philadelphia to give workers 60 days' notice before a closing or relocation of operations.

Plaintiffs seek the following relief for themselves and for the proposed class: (1) unpaid wages, salaries, bonuses, accrued holiday pay, accrued vacation pay, and pension and/or 401(k) retirement plan contributions for 60 working days; (2) the health and medical insurance and other fringe benefits under ERISA that they would have received for a period of 60 working days after the dates of their respective terminations from employment; and (3) any medical expenses incurred during such period that would have been covered and paid by Recon's employee benefit plan had that coverage continued for that period (4) attorneys' fees and costs; and (5) interest on the amounts owed.  (Compl. 16.)

**III.  Discussion**

Plaintiffs seek to certify a class comprised of the former employees of Recon's Philadelphia Plant who were terminated between February 1, 2007, and August 31, 2007, and who were not provided with 60 days prior notice of termination as required by WARN and the Philadelphia Code.  To prevail on a motion for class certification, a plaintiff first must satisfy all

of the requirements of Federal Rule of Civil Procedure 23(a), which are (1) numerosity: the class is so numerous that joinder of all members is impracticable; (2) commonality: there are questions of law or fact common to the class; (3) typicality: the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) adequacy: the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 309 n.6 (3d Cir. 2008). If all four requirements of Rule 23(a) are satisfied, a plaintiff next must satisfy the requirements of one of the subsections of Rule 23(b). Fed. R. Civ. P. 23(b); In re Hydrogen Peroxide, 552 F.3d at 309 n.6. Here, Plaintiffs seek certification under Rule 23(b)(3), which requires "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and that a class action be "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3); Amchem Prods. v. Windsor, 521 U.S. 591, 615 (1997). "[T]he decision to certify a class calls for findings by the court, not merely a 'threshold showing' by a party, that each requirement of Rule 23 is met." In re Hydrogen Peroxide, 552 F.3d at 307. "Factual determinations supporting Rule 23 findings must be made by a preponderance of the evidence," and "the court must resolve all factual or legal disputes relevant to class certification, even if they overlap with the merits." Id.

    A.    Rule 23(a) Requirements

        1.    Numerosity

Rule 23(a)(1) requires that a class be so numerous that joinder of all its members is impracticable. Fed. R. Civ. P. 23(a)(1). "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the

potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met. Stewart v. Abraham, 275 F.3d 220, 226 -227 (3d Cir. 2001). Plaintiffs allege in their Complaint that approximately 150 persons were terminated by Defendant, without notice, between February 1, 2007, and August 31, 2007. (Compl. ¶ 17.) By its default, Plaintiffs' allegation regarding the approximate number of class members is deemed admitted by Defendant. Given the number of prospective class members involved, the Court is satisfied that joinder would be impracticable in this case. The proposed class as defined above satisfies Rule 23(a)(1).

      b.     Commonality

Rule 23(a)(2) requires the existence of questions of law or facts common to the class. "The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class. Fed. R. Civ. P. 23(a)(2). Because the requirement may be satisfied by a single common issue, it is easily met. . . ." Baby Neal v. Casey, 43 F.3d 48, 56 (3d Cir. 1994) (citations omitted). Here, the factual and legal basis of the claim is common to all purported class members: Plaintiffs were all employed by Defendant and were terminated by Defendant without appropriate notice as required by WARN and the Philadelphia Code. (Compl. ¶ 19.) This is a course of conduct common to all class members subject to common proof in a single trial. Therefore, the proposed class satisfies the commonality requirement of Rule 23(a)(2).

      c.     Typicality

Rule 23(a)(3) requires the claims or defenses of the representative parties to be typical of the claims or defenses of the class. Fed. R. Civ. P. 23(a)(3). The typicality requirement of Rule 23 exists to avoid potential for conflicts in the class. See Danvers Motor Co. v. Ford Motor Co.,

543 F.3d 141, 149 (3d Cir. 2008). "The typicality inquiry assesses whether the named plaintiffs have incentives that align with those of absent class members so that the absentees' interest will be fairly represented." Georgine v. Amchem Products, Inc., 83 F.3d 610, 631 (3d Cir. 1996). "Factual differences will not defeat typicality if the named plaintiffs' claims arise from the same event or course of conduct that gives rise to the claims of the class members and are based on the same legal theory." Danvers Motor Co., 543 F.3d at 150 (citation omitted). The court finds that Plaintiffs' allegations, deemed admitted by Defendant, make clear that their claims all arise from the same actions taken by Defendant and are based on the same legal theories. Therefore, the typicality requirement Rule 23(a)(3) is satisfied.

      d.      Adequacy

Rule 23(a)(4) requires that the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). "[T]he adequacy inquiry 'assures that the named plaintiffs' claims are not antagonistic to the class and that the attorneys for the class representatives are experienced and qualified to prosecute the claims on behalf of the entire class.'" Danvers Motor Co., 543 F.3d at 150 (quoting Beck v. Maximus, Inc., 457 F.3d 291, 296 (3d Cir. 2006)).

The court finds that the five named Plaintiffs, four of whom are hourly-paid former employees of Recon and one of whom is a former salaried employee of Recon, have interests that are aligned with those of the prospective class and that Plaintiffs do not have an interest antagonistic to the interests of the prospective class. (See Compl. ¶¶ 4-8; Pls.' Mot for Entry of Default, Ex. 1, Certification of Jonathan Walters, Esq. ("Walters Certification") ¶¶ 12-16.) The court also finds that the attorneys who wish to represent the prospective class are experienced in

employee rights and class action litigation, including class actions under the WARN Act. (See Pls.' Mot. for Class Certification ¶¶ 20, 23-46.) Thus, the proposed class and class counsel satisfy the adequacy requirement of Rule 23(a)(4).

B.  Rule 23(b)(3) Requirements

Plaintiffs seek certification of the proposed class under Rule 23(b)(3), "which is permissible when the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." In re Hydrogen Peroxide, 552 F.3d at 310 (internal quotation and citation omitted). The two requirements of Rule 23(b)(3) are known as predominance and superiority. Id.

1.  Predominance

Predominance "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation," which is a standard "far more demanding" than the commonality requirement of Rule 23(a)(2). Id. at 310-11 (citing Amchem Products v. Windsor, 521 U.S. 591, 623-624 (1997)). "Issues common to the class must predominate over individual issues." Id. (quoting In re Prudential Ins. Co. Am. Sales Practice Litig., 148 F.3d 283, 313-14 (3d Cir. 1998)). The court finds that all members of the proposed class worked for Defendant company, were terminated as part of a shutdown or mass layoff, and possessed the same rights under the WARN Act and the Philadelphia Code. (See Compl. ¶¶ 15-16.) Thus, the court finds that issues common to the class predominate over individual issues in this case and that the proposed class is sufficiently cohesive to warrant adjudication as a class action.

2. Superiority

Superiority tests whether "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The court must "balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication." In re Community Bank of Northern Virginia, 418 F.3d 277, 309 (3d Cir.2005) (internal quotation and citation omitted). Rule 23(b)(3) provides some matters relevant to the court's decision:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; © the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Id. "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." Amchem, 521 U.S. at 617. See also In re Prudential, 148 F.3d at 315-16 (affirming district court's finding of superiority where the district court had compared the modest size of individuals claims with the much larger aggregate claim).

Plaintiffs contend that a class action is the superior method of adjudicating this matter because individual joinder of all members of the proposed class is impractical and because damages suffered by members of the proposed class may be small when compared to the expense and burden of individual litigation. (Compl. ¶ 21.) In this case with approximately 150 potential class members with statutory claims who damages are relatively small, the court finds that the class action mechanism is superior to other means of adjudication. (See Walters Certification

(seeking individual damages of between $4,368 and $10,015 for each of the named Plaintiffs, and seeking $730,800 for the proposed class).) The court also finds that adjudicating this matter as a class action is in the interest of judicial efficiency. There is no evidence that potential class members have already commenced any litigation on these claims or that there will be any difficulty managing a class action in this matter. Therefore, the court finds that a class action is the best method of adjudicating this matter.

### III. Conclusion

Plaintiffs have demonstrated by a preponderance of the evidence that the proposed class, as defined herein, satisfies all four factors under Rule 23(a) and meets the requirements of Rule 23(b)(3). Class certification is appropriate. An appropriate order follows.